# Rogers, Receiver, *v.* Haines.

*Bill in Equity to Enjoin Collection of Judgments at Law.*

1. *Suit by foreign receiver; dissolution of injunction on denials of answer.*—Where a preliminary injunction was granted on a bill in equity filed by a receiver appointed by a Tennessee court of the assets of a Tennessee corporation, to enjoin the collection out of property of the corporation in this State of judgments rendered in this State in favor the defendants against the corporation, the bill alleging that the claims of the defendants are without merit or foundation in law or in equity, and that the judgments were rendered without service of process upon the corporation; and the defendants answered under oath, clearly denying said allegations of the bill; a decree dissolving the preliminary injunction on the denials of the answer, but requiring of the defendants a refunding bond, under the provisions of section 3531 of the Code, is not erroneous.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. MCSPADDEN.

The original bill. in this case was filed November 30th, 1891, by C. H. Rogers, suing as the receiver, appointed on the 12th day of October, 1891, by a court of the State of Tennessee, of the property and assets of the New South National Building and Loan Association, a Tennessee corporation, against W. S. Haines, H. L. Johnson, and several others, residents of this State; and sought to enjoin the collection, by executions or otherwise, of judgments rendered in this State in favor of the several defendants, respectively, against said corporation. The bill alleged that on the 26th day of October, 1891, judgments by default were rendered by a justice of the peace of Calhoun county in favor of the defendants, severally, against said corporation, for amounts stated in the bill; that "the summonses and complaints in each of said cases were served on one John Vary, who resided

in the city of Birmingham, Alabama, on the 19th day of October, 1891; that said service was made on said John Vary, as the agent of said corporation, but no notice was served on your orator of the pendency of said suits, nor did he have any information thereof; . . . that at the time of the service of said summonses and complaints upon said John Vary, he was not the agent of said New South National Building and Loan Association, and in no way represented said corporation; . . . that on the institution of said suits the said defendants caused process of garnishment in each of said suits to be issued and served upon Annie S. Crusoe, who is indebted to said corporation; . . . and that said corporation has a good and valid defense to each of said suits, and that said claims, so sought to be enforced against said corporation, are without merit or foundation in law or equity, and that said corporation does not owe said defendants any amount." A preliminary injunction was granted on the filing of the bill.

The defendants answered under oath, denying the averments of the bill to the effect that said corporation had good and valid defenses to the claims upon which the defendants, respectively, recovered judgments; averring that the said corporation owes to the defendants, respectively, the amounts for which said judgments were rendered; and also averring that at the time of the service of process in said suits on said John Vary he was the duly authorized and accredited agent of said corporation in the State of Alabama; that on the 9th day of July, 1891, said corporation filed in the office of the Secretary of State for the State of Alabama a certificate designating said John Vary, of Birmingham, Alabama, as its duly authorized agent in Alabama, "and that said certificate has not until this day been revoked, changed, or cancelled."

Upon motion of the defendants in vacation, the Chancellor dissolved the preliminary injunction, on the grounds, that there was no equity in the bill, and upon the denials of the sworn answer. Afterwards, upon motion of the complainant, it was "adjudged, ordered and decreed, that before the said defendants proceed to enforce their judgments, they will give to the Register refunding bonds, as required by section 3531 of the Code."

From the decree dissolving the preliminary injunction, the complainant prosecutes this appeal, and now assigns that decree as error.

COOKE & COOKE, for appellants.—1. The bill contains equity on its face, and the Chancellor erred in dissolving the

[Rogers, Receiver, v. Haines.]

injunction on the denials of the answer. It is not an unbending rule that the injunction shall be dissolved when the equity of the bill is denied. The court may retain it, when it finds in the facts disclosed good reason for doing so.— *Jackson v. Jackson*, 91 Ala. 292; *Rembert v. Brown*, 17 Ala. 667; *Miller v. Bates*, 35 Ala. 580; *Satterfield v. John*, 53 Ala. 127. 2. The complainant is entitled to the injunction on the grounds: 1st, That his failure to make defense at law was not attributable to his omission, neglect, or default; 2nd, That his defense is good to the entire cause of action. *Stubbs v. Leavitt.* 30 Ala. 352; *Hair v. Lowe*, 19 Ala. 224; *Rice v. Tobius*, 83 Ala. 349; 3 Brick. Dig. p. 347, § 230. 3. The complainant had no remedy at law.—Beach on Receivers, § 708; *Tracy v. First National Bank*, 37 N. Y., 523. 4. It may be conceded that the complainant has no right to sue as receiver without permission of the court, but this permission is asked for in the bill, and was granted when the injunction was granted. While it is the general rule that a receiver has no extra-territorial power of official action, and no privilege to sue in a foreign court, or another jurisdiction, this rule is almost entirely abrogated by the exceptions to it; and it is the universal rule of comity in nearly all of the States to allow them to sue and recover property, where the rights of citizens of the State in which the suit is brought are not effected thereby —Beach on Receivers §§ 680 to 687, 893; High on Receivers (2nd Ed.) § 241. We find no case in Alabama where such a privilege was denied. On the contrary, foreign receivers, assignees, and other trustees seem to have been allowed the unquestioned use of our courts to enforce their claims.—*Semple v. Glenn*, 91 Ala. 246; *Lehman v. Glenn*, 87 Ala. 618 ; *Fields v. Williams*, 91 Ala. 502; *Boulware v. Davis*, 90 Ala. 207; *Reynolds v. Collins*, 79 Ala. 94. 5. The property, or money, sought to be reached by the defendants by their suits and judgments, at the time of the institution of the suits, and rendition of the judgments, was in the hands of the complainant as receiver, duly appointed by a court having jurisdiction of the subject-matter, and it cannot be taken from him, except by order of that court.—High on Receivers, § 141; *Wiswall v. Samson*, 14 Howard U. S. 52; *Dugger v. Collins*, 69 Ala. 330; Beach on Receivers, §§ 698, 700, 713; *Osgood v. Maguire*, 61 N. Y., 524; *Jackson v. Lohn*, 114 Ill. 287; *Barton v. Barbour*, 14 Otto, 126.

S. D. G. Brothers, and W. J. Brock, *contra.*—The appellant cannot maintain this suit, thereby depriving the appel-

[Rogers, Receiver, v. Haines.]

lees, who are citizens of Alabama, of their vested rights
under their judgments against the foreign corporation.—
High on Receivers, § 239; Beach on Receivers, §§ 16, 18, 47,
680, 682; *Catlin v. Silver Plate Co.*, 18 Am. St. Rep. 338.
The injunction was properly dissolved, because appellant
was not entitled to any notice of the pendency of the suits
in the justice's court. Appellant had not been appointed
by any court of Alabama, receiver of the property in Ala-
bama of said insolvent corporation. Besides, the appoint-
ment of a receiver does not effect a dissolution of the cor-
poration. Appellees had the right to sue the corporation,
after the appointment of a receiver.—Wait on Insolvent
Corporations, § 203; Beach on Receivers, §§ 406, 412; *Tracy
v. First National Bank*, 37 N. Y., 523. The only averment in
the bill that could, by any possibility, give it equity is, that
the person upon whom the service in said suits was had
was not the agent of the corporation of which appellant is
receiver. This averment is clearly denied in the sworn
answer of the appellees.— *Weems v. Weems*, 73 Ala. 462;
*East & West R. R. Co. v. East Tennessee, Va. & Ga. R. R. Co.*,
75 Ala. 275.

WALKER, J.—It is the policy of this State to permit
foreign corporations to do business here only upon the con-
dition that they submit themselves to the jurisdiction of the
domestic tribunals in reference to liabilities incurred by
them to citizens of the State. The purpose to protect the
citizens of the State, who have dealings with corporations,
from the inconveniences and expense incident to the enforce-
ment of rights acquired in such dealings, when resort must
be had to distant courts, is clearly manifested in the provi-
sion of the Constitution, that "no foreign corporation shall
do any business in this State, without having at least one
known place of business, and an authorized agent or agents
therein;" in the statute, enacted to give force and effect to
this provision of the Constitution, requiring every foreign
corporation or company, before engaging in business in this
State, to file in the office of the Secretary of State an instru-
ment in writing, under the seal of the company, and signed
officially by the president and secretary, "designating at least
one known place of business in the State, and an authorized
agent or agents residing thereat;" and in the provision of
the statute that "a foreign or domestic corporation may be
sued in any county in which it does business by agent."
Constitution of Ala. Art. XIV, §4; Acts of Ala. 1886–87 p.
102; Code, § 2642. The provisions to secure the opportu-

nity of bringing suits in the courts of this State against any foreign corporation doing business here are in furtherance of a policy, prevailing, it is believed, in every civilized government, of retaining control of the property of non-resident debtors found within its jurisdiction until the claims of resident creditors have been satisfied, so as to save such creditors, so far as this is practicable, from the necessity of resorting, for the enforcement of their demands, to foreign tribunals. When claims are asserted in a domestic tribunal to the satisfaction of which property within its jurisdiction may be subjected, the control of such property will not be surrendered to any foreign court. No foreign court has the right to withdraw such property from the grasp of the domestic tribunal. It is only upon principles of comity that any recognition is given to the claim of a foreign court to draw to itself the control of property situated in this State. But considerations of comity are of no avail when the result would involve a violation of the domestic policy, or the defeat of remedies duly invoked in the domestic tribunals. It is, accordingly, the generally established rule, which has been recognized in this State, that the appointment of a receiver confers upon him no power to compel the recognition of his rights as receiver outside of the jurisdiction of the court making the appointment; and that the favor or courtesy of permitting him to sue as such receiver in the courts of another State will be extended only when the claims sought to be enforced do not conflict with the rights of citizens or creditors in the State where the suit is brought, and the enforcement of such claim is not in contravention of the policy of its laws.—*Boulware v. Davis*, 90 Ala. 207; *Alley v. Caspari*, 6 Amer. St. Rep., 185; *Catlin v. Wilcox Silver Plate Co.*, 18 Amer. St. Rep., 338; Beach on Receivers, §§ 680–682.

The complainant in the present case sues as the receiver appointed by a Tennessee court to take charge of the affairs of the New South National Building & Loan Association, a Tennessee corporation, to collect its assets and settle its indebtedness to its creditors and stockholders, under the direction and control of that court. The bill does not show that the order of that court purported to effect the dissolution of the corporation. The mere appointment of a receiver left the corporation free to exercise powers not involving any interference with the rights of the receiver over property within the jurisdiction of the court appointing him, and could not operate to prevent the bringing of suits against the corporation itself in the courts of another State, or to stay the process of such courts to subject property of the corporation

found within their jurisdiction to the satisfaction of judgments rendered by them. The corporation remained subject to suit, because it had not been dissolved; and its property here remained subject to seizure under process against the corporation, because the order of a court of another State was without extra-territorial effect to withdraw such property from the reach of the process of the courts of this State. The complainant's claim to recognition in the courts of this State, for the purpose of protecting and collecting the assets of the corporation found here, must be rested upon the fact, not very clearly disclosed by the averments of the bill, that the officers of the corporation, either negligently or willfully, or in obedience to the orders of a court having jurisdiction of their persons, fail or refuse to take the necessary measures to save the assets in this State from waste or spoliation. If such is the fact, and the judgments in favor of the several defendants were recovered upon unfounded claims against the corporation, the attempts to subject to their satisfaction the property of the corporation in this State are really frauds upon the rights of the parties beneficially interested in that property. When there are no valid claims to be asserted in the courts of this State against property found here, the court is justified in lending its aid to a foreign receiver for the protection of such assets, in order that they may be rendered available for a *pro rata* distribution among the creditors and stockholders in the one proceeding in the foreign tribunal.—*Boulware v. Davis, supra.* Though the complainant is recognized as a proper person to invoke the aid of the court for the protection of the property of the corporation in this State against fictitious claims,· yet, at last, the facts upon which his impeachment of the judgments in favor of the defendants must be predicated are, that the claims sought to be enforced by the several defendants are without merit or foundation in law or in equity, and that the judgments were rendered without service of process upon the corporation. The allegations as to these facts are clearly denied in the sworn answer of the defendants. The answer avers that the person upon whom the process against the corporation was served was at the time its duly appointed and accredited agent in this State, and that the corporation owes the several amounts for which the defendants have obtained the judgments against it. These denials of the allegations upon which the equity of the bill rests justified the dissolution of the temporary injunction.

Upon the dissolution of the injunction, the chancellor made an order requiring of the defendants a refunding bond,

[McCreary v. Jones.]

under the provisions of section 3531 of the Code. As that bond would amply protect the complainant, in the event of his success in the trial on the merits, if the defendants shall have elected to proceed to enforce their judgments' pending the suit, it is unnecessary to inquire whether, in the absence of a requirement of such a bond, there is anything ' in the circumstances of the case to justify the exercise of the discretionary power of the court to order a re-instatement of the injunction, notwithstanding the denials of the answer.—*Rice v. Tobias*, 83 Ala. 348.

The decree dissolving the injunction must be affirmed. Affirmed.