# Hieronymous Bros. *v.* China Mutual Insurance Co.

*Assumpsit.*

(Decided Dec. 17, 1912. 60 South. 452.)

*Receivers; Suit by; Right to.*—The right of a foreign receiver to sue in this state is not derived from a decree of the foreign court appointing him, but rests upon a courtesy permitted to be exercised when certain conditions exist; hence, where the effect of permitting a foreign receiver

to enforce his demand would amount to depriving local creditors of an opportunity of subjecting such demand to the satisfaction of their debt, a plea in abatement setting up these facts and that the suit was brought on a premium note by the receiver of a foreign insurance company under purported authority of the decree appointing him, should have been sustained, notwithstanding the defendant could have presented its defenses and equities by way of set off and counter claim.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action in assumpsit by the China Mutual Insurance Company against Hieronymous Brothers. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The complaint is in usual form for declaration on a negotiable instrument. The plea was that the note was given for a premium of one year's insurance on a policy issued to the defendants by the insurance company, dated November 2, 1907, and that said company failed to carry said insurance for the period named in said policy, but that said company failed, and on March 28, 1908, one Arthur D. Hill was appointed as receiver for said company by the Supreme Judicial Court of Massachusettes sitting in equity, and that this suit was instituted under purported authority granted him by said decree appointing him; that said company was indebted at the time of said appointment of such receiver, and is still indebted, to the citizens of this state. This plea was verified.

ERWIN & MCALEER, for appellant. Where the right of a resident citizen or creditor will be impaired, a foreign receiver has no right to sue in this state.—*Boulware v. Davis,* 90 Ala. 211; *Rogers v. Hayne,* 96 Ala. 590. A foreign corporation cannot be a party to a suit in this state after having been dissolved by the state.— *Fitts v. Nat. L. I. Assn.,* 130 Ala. 415. The policy is to

preserve the assets of an insolvent foreign corporation, in this state until the claims of resident creditors are paid.—*Rogers v. Hayne, supra.* Holders of policies on which the premiums have been paid have a valid claim upon unearned premiums.—22 Cyc. 1422. A member of a mutual company cannot set off against his premium note, a claim he may have against the company, but a non member may.—22 Cyc. 1426; 6 Bosw. 627. On these authorities it is insisted that the plea in abatement should have been sustained, notwithstanding the defendant could have pleaded his equity by way of set off or counterclaim.

BESTOR & YOUNG, for appellee. The beginning of the suit was not the doing of business in this state.—*Cook v. Rome B. Co.,* 98 Ala. 409; *McCall v. Mortgage Co.,* 99 Ala. 427. Where there are no domestic creditors and no rights of citizens of the state involved, the courts will permit a foreign receiver as a matter of comity, to institute and sustain proceedings.—*Hurd v. Elizabeth,* 41 N. J. L. 1; High on Receivers, sec. 241; Beech on Rec. secs. 17-19, 85 and 682. Where only the parties litigant are interested, and the purpose of the suit is to gather the assets of the insolvent corporation in order to render them available for equal distribution, a foreign receiver may sue.—*Boulware v. Davis,* 90 Ala. 212. In the absence of statutory regulation, the appointment and title of a receiver may be recognized, and he may sue in the courts of some other state.—*Pugh v. Hurt,* 52 How. 22; *Chandler v. Siddle,* 3 Dill. 477; 6 Am. Rep. 189 and note. The appellants were members of the mutual association.—*Koehler v. Beaver,* 122 Pa. St. 291; *Mitchell v. Lycoming, I. Co.,* 51 Pa. St. 411; *Hill v. Baker,* 205 Mass. 303.

WALKER, P. J.—The averments of the defendants' plea in abatement, read in connection with the averments of the complaint, show that the note sued on was given for the premium for the insurance for a term of one year evidenced by a policy issued on November 2, 1907, by the payee of the note, an insurance corporation organized under the law of Massachusetts; that said insurance company failed to carry said insurance for the period named in the policy, but failed, and on March 28, 1908, a receiver for it was appointed by a Massachusetts court; that this suit was instituted by that receiver, acting under the authority of the Massachusetts decree appointing him; and that said payee was indebted at the time of such appointment of the receiver, and still is indebted, to citizens of this state.

It is clear under the rulings in this state that permission to a receiver who derives his authority from the court of another jurisdiction to maintain such a suit in this state must be referred, not to a right derived from the decree of a foreign court, but to the favor or courtesy of allowing the maintenance of such a suit when certain conditions exist.—*Boulware v. Davis*, 90 Ala. 207, 8 South. 84, 9 L. R. A. 601; *Rogers, Receiver, v. Haines*, 96 Ala. 586, 11 South. 651. The rule deducible from these decisions is that permission to maintain such a suit in this state is not warranted when it appears from the situation, as it is disclosed to the court, that by doing so existing rights of citizens or creditors in this state probably will be prejudiced or that the enforcement of the claim asserted will contravene any policy of the local law.

It is plainly to be implied from what was said in the opinions rendered in those cases that such permission would not be justifiable when it is made to appear that citizens of this state have valid claims which would

have to be asserted in the courts of another jurisdiction. if the successful maintenance of the suit by the receiver would result in enabling him to withdraw assets in this state from the grasp of any local tribunal. That it was upon a finding of the absence of any such objection to allowing a foreign receiver to maintain a suit brought by him in this state that the court permitted its main-. tenance in the first cited case appears from the following statement made in the opinion rendered in that case: "The corporation became insolvent, and the receiver was appointed in 1880. The bill was filed January 20, 1888. During this long period of time, the creditors, if there are any in this state, have had ample opportunity to assert their rights and to institute proceedings to have the property located in this state subjected to their demands by its courts. No creditor having appeared or asserted any rights, it may be reasonably presumed that there are none, or, if any, they have preferred to assert their claims to the court appointing the receiver rather than waste the estate by the costs and expenses of multiplied litigation and different receiverships. When no creditor is complaining or asserting rights after the lapse of so long a time—when only the parties litigant are interested, and the purpose of the suit is to gather the assets of the insolvent corporation, in order to render them available for equal distribution among the creditors in one proceeding—we can see no reasonable objection against allowing the foreign receiver to sue." Instead of the record in the present case making any such showing of the absence of any objection to permitting the maintenance of the suit by the foreign receiver, the plea in abatement affirmatively shows the continued existence of debts owing to citizens of this state, and that such a period of time had not elapsed since the appointment of a receiver as to

give rise to a presumption that the local creditors have elected either not to assert their claims at all or to assert them in the foreign jurisdiction rather than to resort to the courts of their own state for such remedy as may here be available to them . In these circumstances, to permit the foreign receiver to enforce the demand asserted by him would amount to depriving local creditors of the opportunity of subjecting that demand to the satisfaction of their claims. It is no sufficient answer to this proposition to point out, as is done in the argument of the counsel for the appellee, that the plea may be construed as averring no more as to the insurance company being indebted than that it was indebted to the defendants themselves. If this is taken to be the fact, it seems that the defendants could not in this suit assert such claim by set-off or counterclaim, as to permit them to do so would amount to affording them the opportunity to obtain a preference over other creditors of the failed corporation (*Williams v. Traphagen,* 38 N. J. Eq. 57) ; but, even if the defendants could assert their claim in this suit and recover judgment on it, such judgment against the receiver could be made effective only to the extent of establishing the existence of the debt, leaving the matter of its payment and the adjustment of the equities between the different claimants interested in the property to the determination of the court which appointed the receiver.—*Southern Granite Co. v. Wadsworth,* 115 Ala. 570, 22 South. 157.

So the effect at last of permitting the maintenance of the suit in the circumstances disclosed by the plea in abatement would be to enable the receiver to withdraw from the grasp of any local tribunal an asset which, but for this suit, could here be subjected to the satisfaction of the claims of domestic creditors, and to put such creditors to the necessity of resorting to a foreign tribunal

[Jebeles & Colias Confectionery Co. v. Stephenson.]

for the enforcement of their demands. As shown by the rulings first above cited, the privilege of permitting a foreign receiver to maintain such a suit in this state is not to be accorded when such a result follows. We are of opinion that the averments of the plea in abatement negatived the existence of such a state of facts as would warrant the court in permitting the maintenance of the suit, and that the court was in error in sustaining the demurrer to that plea.

Reversed and remanded.