This action was brought by Emeline Snyder, the widow and executrix of Charles W. Snyder, deceased, to foreclose a mortgage made to her deceased husband, by the defendant Hamilton J. Snyder. After issue joined and before trial plaintiff intermarried with one Marvin Mapes. At a Circuit Court and Special Term held in Seneca county on the 27th of September, 1869, it was, upon the agreement of the attorneys for the respective parties made in open court, ordered that the action be referred to the Hon. John E. Seely to hear and determine, and that the husband of the plaintiff might be made a party to the action without motion, if required by the practice of the court, and the real name of the plaintiff entered if required.
At the first appearance of the parties before the referee the defendants' counsel objected to the referee proceeding with the trial stating that since the action was commenced the plaintiff had intermarried with Marvin Mapes and that the action had not been revived or continued in her present name. The order of reference was thereupon read and the referee held that he had jurisdiction to proceed with the hearing upon the case as it then stood, and that the plaintiff's counsel could *Page 453 
produce the order of substitution at any time before the trial closed. An order was afterward produced, entered ex parte on the 21st of June, 1870, substituting the name of Emeline Mapes as plaintiff in place of Emeline Snyder.
We think that the ruling of the referee was correct. The action had not abated by the marriage of the plaintiff. No point is made as to the necessity of making her husband a party, and the substitution of her newly acquired name was a mere matter of form, to which the defendant consented on the making of the order of reference. The court below could have directed the entry of the formal order nunc pro tunc at any time before judgment, and if there was any irregularity in the order actually entered, it should have been corrected by motion.
The objection that there was no evidence of the marriage of the plaintiff to Mr. Mapes, is frivolous. This marriage was expressly admitted by the defendants' counsel in making the objection to the action proceeding in the name of Emeline Snyder. He stated the fact of the marriage as the ground of his objection and the referee had the right to act upon this admission. The fact was conceded by both parties.
The material question is, whether there was any consideration for the mortgage. The referee finds in substance that the recital therein that it was given for the purchase money of the mortgaged premises was not true, but that the real consideration was the reconveyance by Charles W. to Sardinaette, the wife of Hamilton J. of an undivided interest in a farm, which she and her husband had conveyed to Charles W. in 1839, with intent to hinder, delay and defraud the creditors of Hamilton J. The counsel for the defendant is probably right in his argument that this conveyance was not a fraud upon the creditors of Hamilton J., for the reason that it does not appear that he had any interest in the farm which his creditors could have reached. But nevertheless it was a voluntary conveyance and no fact is found showing any fraud on the part of Charles W. in obtaining it or any valid trust which Sardinaette could have enforced. However mean it *Page 454 
may have been on the part of Charles W. to exact any terms for his reconveyance of the farm, the defendant having acquiesced in his exaction we cannot say that the mortgage which he gave was invalid in law.
We can find no sufficient ground for reversing the judgment. It must therefore be affirmed with costs payable out of the proceeds of sale of the mortgaged premises.
All concur, except FOLGER, J., not sitting.
Judgment affirmed.