(58 App. Div. 436.)

SIGUA IRON CO. v. BROWN.

(Supreme Court, Appellate Division, First Department. March 15, 1901.)

1. CORPORATIONS—FOREIGN CORPORATION — STOCK ASSESSMENT—ACTION FOR—EVIDENCE—SUFFICIENCY.

The stub of the stock book of a corporation contained a statement that a certificate for 60 shares was issued to defendant, and on the stub was his receipt for the certificate. The certificate was shown, and it appeared that no other certificate had ever been issued to defendant. Letters of defendant admitting the receipt of calls on the shares owned by him, and inclosing checks in payment, were produced, no evidence in contradiction being offered by him. *Held*, in an action for a call on the 60 shares, that the evidence was sufficient to warrant the conclusion that the certificate receipted for was the one mentioned in the complaint.

2. SAME—CAPACITY TO SUE—FOREIGN RECEIVER.

A foreign corporation may sue in its own name in the state of New York, notwithstanding the appointment of a receiver pendente lite by the United States circuit court in another state.

3. SAME—ANCILLARY RECEIVER.

The appointment of an ancillary receiver for a corporation in the state of New York had no effect on the right of the corporation to maintain a suit in its own name, commenced before such appointment, though subsequent to the appointment of the receiver in another state.

4. SAME.

Under Code Civ. Proc. § 756, providing that in case of a transfer of interest an action may be continued by the original party, unless the court directs a substitution, it was proper for an ancillary receiver of a foreign corporation to continue an action, commenced before his appointment, in the name of the corporation, by verifying the amended complaint therein.

5. SAME—JUDGMENT.

A judgment in an action on calls for assessment on the stock of a foreign corporation being a perfect protection to defendant against any other action on the same claim, he cannot complain because it has been brought and prosecuted in the name of the corporation, instead of in the name of the receiver.

Appeal from trial term, New York county.

Action by the Sigua Iron Company against Harold P. Brown. From a judgment of the trial term (68 N. Y. Supp. 141) in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William F. Goldbeck, for appellant.

R. Burnham Moffat, for respondent.

RUMSEY, J. The action was brought to recover calls made upon the defendant as the owner of 60 shares of the assessable capital stock of the plaintiff corporation. The first objection taken by the appellant is that there was no sufficient proof that this certificate for 60 shares of stock had been issued to the defendant, or that he was the owner of the shares. The evidence was partly contained in the stock book of the corporation, which is made competent evidence by section 929 of the Code of Civil Procedure. Upon one of the stubs in that book there was a statement that certificate No. 109, for 60 shares of stock, dated on the 9th day of July, 1890, was issued to Harold P. Brown, the defendant in this action. There was pasted upon that stub a receipt in the following words: "Received the above-described certificate. Harold P. Brown." The signature upon this paper was admitted to be the signature of the defendant. Certificate No. 109, for 60 shares, issued to Harold P. Brown, was produced and admitted. In addition to that, it was made to appear that the stock book showed no other certificate than No. 109 ever issued to the defendant. There was also presented proof of various calls made upon the defendant in respect of this stock, and there were produced by the plaintiff letters signed by the defendant, admitting the receipt of calls upon the 60 shares of which he was the owner, and inclosing checks in payment of certain of the calls which had been made. It was admitted that as to calls to the amount of $1,200 no part had been paid. There was not evidence upon the part of the defendant to contradict, or dispute, or explain away this testimony. We think that that testimony was quite sufficient to warrant the jury in coming to the conclusion that that certificate receipted for on the stub was the assessable stock certificate mentioned in the complaint, and which it was shown had been issued to the defendant.

It is further objected that the plaintiff corporation had no right or legal capacity to sue, because that right had passed to a receiver, who had been appointed in the circuit court of the United States for the Eastern district of Pennsylvania, long before this action was brought. This suit was begun in this state on the 15th of May, 1896. It appears that the plaintiff is a foreign corporation organized under the laws of West Virginia. On the 9th of February, 1894, in an action pending in the circuit court above mentioned, a decree was entered appointing Logan M. Bullitt, the president of the company, a receiver for the purposes of that suit, and directing him to take possession of all the property, and use it, until the further order of the court. There is no pretense that any effort was made at that time to obtain control of the assets of the company in this state, or that

anything was done in that respect until long after this suit was begun. The defendant claims that the necessary result of the appointment of this receiver was to deprive the corporation of all its assets in this state, and, therefore, as it had lost title to the assets, it had no authority to bring this action. The effect of the appointment of the receiver in Pennsylvania was to vest in him the possession of, and perhaps the title to, the assets of the corporation within the jurisdiction of the court that made the appointment, and it may be conceded that within the rules of comity that receiver might have come into this state, and taken possession of the assets, or might have brought an action for them in our courts; but, until that was done, the corporation was not devested of any of its assets in this state. The courts of this state could not take judicial notice of the appointment of this receiver in Pennsylvania, and the mere fact of his appointment, therefore, had no effect upon the assets of the company here; and, until some steps had been taken to reduce these assets to the possession of the receiver, not only was that corporation properly in possession of them, but it was also vested with the title, so far as the courts of this state are concerned, and so far as any other person is concerned in this state. Therefore it was proper for the company in its own name to bring this action to collect this claim, of which it was undoubtedly the owner. The fact that an ancillary receiver was appointed in this state after this action was begun had no effect upon the right of this company to maintain this action. Section 756 of the Code of Civil Procedure provides that in case of a transfer of interest the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted in the action. It was perfectly proper, therefore, under the provisions of that section, even after Mr. Bullitt had been appointed ancillary receiver in this state, for him to continue this action, if he saw fit to do so, in the name of the Sigua Iron Company; and when he verified the amended complaint as receiver he accepted the action as it then stood, and as such he became responsible for its prosecution. This judgment is a perfect protection to the defendant against any other action upon the claim set up in the complaint. He has no reason to complain, therefore, if it has been brought and prosecuted in the name of the real party in interest, instead of in the name of the receiver.

There is no other question presented that requires any examination, and for the reason given above we think that the judgment and order should be affirmed, with costs. All concur.