(72 App. Div. 103.)

SMITH v. MINGEY.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. GUARDIAN AND WARD—GUARDIAN AD LITEM—ACCOUNTING—DISCONTINUANCE OF PROCEEDINGS.

Proceedings by a guardian to compel a guardian ad litem to pay over estate funds will not be discontinued on the ward becoming 21 years of age, or on the death of the guardian, in the absence of a showing of such facts, even though the original moving papers in the proceedings show the date when the ward becomes of age.

2. SAME—ABATEMENT—SUBSTITUTION OF PARTIES—NECESSITY.

Under Code Civ. Proc. § 755, providing that actions or special proceedings shall not abate by reason of any event, where the cause of action or right to relief survives, a proceeding by a guardian to compel an accounting by a guardian ad litem, being a proceeding which survives the death of the guardian or majority of the ward, does not abate by the occurrence of such events, but the proceeding may be continued, on the suggestion of the facts to the court, in the name of the proper party; and the proceedings are not invalidated if continued without making such change, as the judgment will be binding on the ward.

3. SAME—TITLE OF ACTION.

Where all the papers and proceedings indicate that a general guardian is seeking to charge the defendant for failure to account as guardian ad litem, an order requiring such accounting is not invalid because defendant is described as an attorney in the title of the action.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Application by Caroline Smith, as the general guardian of Elizabeth Roessner, to require Lawrence P. Mingey to account as guardian ad litem. From an order granting the relief prayed for, and an order denying an application to file exceptions to a referee's report, Mingey appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George H. Balkam, for appellant.
Lawrence E. Brown, for respondent.

McLAUGHLIN, J. On the 25th of May, 1899, Caroline Smith was appointed the general guardian of Elizabeth Roessner, an infant, and in October following she instituted this proceeding to compel the defendant to pay to her certain moneys which he had collected for her ward. The papers upon which the order requiring the appellant to show cause why he should not pay over such moneys was made showed that at that time the ward had become 21 years of age. The appellant, in response to the order to show cause, filed

an account of his proceedings, which the court, instead of passing upon (certain objections having been made to some of the items), sent to a referee, with directions to take and state the same, and make a report thereof. After several hearings had been had before the referee, the appellant objected to the continuance of the proceeding upon the ground that the general guardian was dead, and that her ward was then over 21 years of age. The objection was overruled, and an exception taken. The objection was properly overruled, because at the time the same was made there was no proof before the referee establishing the death of the general guardian, or that her ward was over 21 years of age, other than that set forth in the papers upon which the original order was based. At a subsequent hearing, however, it did appear that the general guardian was dead (she having died on the 19th of December, 1899), and that her ward was, at the time the order of reference was made, over 21 years of age. But these facts did not destroy the right to an accounting, nor did the proceeding instituted for that purpose abate by reason thereof. Section 755 of the Code of Civil Procedure. After the death of the general guardian, and the ward had obtained her majority, all that was necessary was a suggestion of these facts upon the record, and that the proceeding thereafter be continued in the name of the real party in interest. Breese v. Insurance Co., 37 App. Div. 152, 55 N. Y. Supp. 775. The appellant, however, seems to have been content with continuing the proceeding without objection, notwithstanding such suggestion was not then made upon the record. Several hearings were thereafter had, and he did not object in any way to what was done; nor does the record disclose a single objection in this respect until after the hearing had been closed, when he contented himself with moving to dismiss the proceeding upon the ground, among others, that "the referee acts and continues this proceeding without jurisdiction and without power," and there is no exception to the denial of the motion, as indicated by the final report of the referee. The referee, in his report, called the court's attention to the fact that the general guardian had died, and that her ward had attained the age of 21 years; and the court thereupon, in the order made confirming the referee's report, entitled it, "In the Matter of the Application of Elizabeth Johnson, Formerly Elizabeth Roessner." This, we think, under the circumstances, is all that was necessary. The change in title, at most, was a mere matter of form. Mapes v. Snyder, 59 N. Y. 450. The appellant was not prejudiced in any way by this method of procedure. Had he desired to have the proceeding continued in the name of the real party in interest, as soon as it appeared that the general guardian was dead, he could have taken the necessary proceedings for that purpose. This, however, he did not see fit to do. The order, as made, binds the former infant and protects the appellant just as effectively as it would had the same been made prior to the first hearing before the referee. Iron Co. v. Brown, 58 App. Div. 436, 69 N. Y. Supp. 295.

It is also suggested that the order should be reversed because the proceeding was instituted against the appellant as an attorney. It is true, he is so described in the title of the action; but all of the

papers and proceedings indicate that he was asked to render an account, not as an attorney, but as a guardian ad litem. But if there were any force in the suggestion, it would not be available to the appellant; he never having objected to the proceeding upon that ground, and therefore must be deemed to have waived it.

Upon the merits, we are satisfied that the referee reached the correct conclusion, and that his report was properly affirmed; and in this connection it appears that the appellant did not file any exceptions to the report of the referee until after the time provided by rule 30 of the general rules of practice had expired, for which reason the report became final, so far as he was concerned. In re Talmage, 39 App. Div. 466, 57 N. Y. Supp. 427. Nor did the court err in denying his application to permit him to thereafter file exceptions. The excuse which he gave for his failure to file the exceptions within the time required was insufficient to justify the court in granting his application.

It follows, therefore, that the orders appealed from must be affirmed, with $10 costs and disbursements.

PATTERSON and O'BRIEN, JJ., concur. LAUGHLIN, J., concurs in result.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by the majority of the court. In the opinion it is stated as follows:

"After several hearings had been had before the referee, the appellant objected to the continuance of the proceeding upon the ground that the general guardian was dead, and that her ward was then over 21 years of age. The objection was overruled, and an exception taken. The objection was properly overruled, because at the time the same was made there was no proof before the referee establishing the death of the general guardian, or that her ward was over 21 years of age, other than that set forth in the papers upon which the original order was based. At a subsequent hearing, however, it did appear that the general guardian was dead (she having died on the 19th day of December, 1899), and that the ward, at the time the order of reference was made, was over 21 years of age. But these facts did not destroy the right to an accounting, nor did the proceeding instituted for that purpose abate by reason thereof. Section 755 of the Code of Civil Procedure. After the death of the general guardian, and the ward had attained her majority, all that was necessary was a suggestion of these facts upon the record, and that the proceeding thereafter be continued in the name of the real party in interest. Breese v. Insurance Co., 37 App. Div. 152, 55 N. Y. Supp. 775. The appellant however, seems to have been content with continuing the proceeding without objection, notwithstanding such suggestion was not then made upon the record. Several hearings were thereafter had, and he did not object in any way to what was done; nor does the record disclose a single objection in this respect until after the hearing had been closed, when he contented himself with moving to dismiss the proceeding," etc.

It seems that the appellant, instead of in any way sleeping upon his rights, called the attention of the court at the earliest possible moment to the fact that there was no moving party before it; the initiator of the proceeding being dead. It is said that there was no proof of the fact before the referee when the objection was raised at the second hearing,—not, as stated in the opinion, after several hearings. There had been but one. The appellant was not called upon to offer proof of the fact of the death of the moving party. The fact existed, and the

counsel for the dead petitioner went ahead at his peril.   Would it be claimed for a moment that if a counsel went to trial with the plaintiff, his client dead, and took a judgment, it would be of the slightest value? I think not.   It is clearly the duty of the counsel for a party seeking relief, either by action or special proceeding, to see that he has a client in court, and not in the grave.   It seems to me that it is an anomaly to hold that a defendant can be pursued by a dead plaintiff, unless he proves that the plaintiff is dead, and offers such proof at the earliest possible moment.   It is urged that all that was necessary was a suggestion upon the record.   But the suggestion was necessary, and, not being made, there was no one before the court.   We are further told that the appellant seems to have been content with continuing the proceeding without objection, notwithstanding such suggestion was not then made upon the record.   As he objected at every opportunity he had, I cannot see how it can be said that he proceeded without objection.   This is the first time, I think, that it has ever been held that it was the duty of the defendant to revive a proceeding or action.   I am further of the opinion that the court has no jurisdiction to proceed in this summary way.   It is true that the appellant was an attorney, but he is not being proceeded against because of any conduct as an attorney.