(155 App. Div. 104.)

### ROYAL TRUST CO. v. HARDING et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. JUDGMENT (§ 938*)—ACTION ON FOREIGN JUDGMENT—COMPLAINT—SHOWING JURISDICTION.

In an action on a Canadian judgment, a complaint, alleging that the court in which it was recovered was a court of general jurisdiction and that due service of notice of the application for judgment was made on defendants, was sufficient to show prima facie the regularity and validity of the judgment and the court's jurisdiction over the person of defendants, leaving it to defendants to show lack of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1772–1774; Dec. Dig. § 938.*]

2. CORPORATIONS (§ 263*)—FOREIGN RECEIVERS—RIGHT TO SUE.

A foreign trustee, receiver, or liquidator of a corporation may sue a resident stockholder in the courts of this state for his proportionate liability as such stockholder.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 831, 1065; Dec. Dig. § 263.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 268*)—FOREIGN RECEIVERS—ACTIONS—SHOWING TITLE.

A complaint alleging that plaintiff was, by an order duly made by a foreign court of general jurisdiction, appointed liquidator of a corporation and duly qualified, and that by the provisions of the act under which he was appointed all the property and assets of the corporation came into his custody or under his control, sufficiently showed his title to the property and assets to enable him to enforce a resident stockholder's proportionate liability as such, since it is only necessary to show that a payment to him would bar a recovery by any one else.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1129, 1131, 1133–1147; Dec. Dig. § 268.*]

Appeal from Special Term, New York County.

Action by the Royal Trust Company, as liquidator of the Ontario Bank, against J. Horace Harding and others, doing business as Charles D. Barney & Co. From an order (78 Misc. Rep. 309, 137 N. Y. Supp. 1101) overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Maurice Leon, of New York City, for appellants.
H. A. Cushing, of New York City, for respondent.

SCOTT, J. The plaintiff is a Canada corporation. It is alleged that the Ontario Bank was prior to October 13, 1906, a corporation organized under the laws of Canada, doing business in Toronto; that on October 13, 1906, it became insolvent, and that thereafter proceedings were commenced under a Canada statute to wind up the bank; that the High Court of Justice, in which such proceedings were instituted, is a court of general jurisdiction, and that it made an order on September 29, 1908, that said bank be wound up; that by an order duly made the plaintiff was appointed liquidator of said bank, and duly qualified as such, and that by the provisions of the winding-up act all the property and assets of the bank "came into plaintiff's custody or under its control," and that by law it is authorized and empowered to bring and defend actions and proceedings; that defendants are copartners in business in the city of New York. The foregoing allegations are common to both causes of action.

The first cause of action is upon an alleged judgment; the allegations relating thereto being as follows:

"VII. That on or about the 14th day of February, 1911, after due service of notice of application therefor had been made on the defendants, pursuant to an order therefor made as provided by said winding-up act, and the amendments thereto, an order was duly made and entered in said proceedings directing that the above-named defendants be settled on the list of contributories as contributories in their own right in respect of 50 shares of the capital stock of the above-named bank, and that said defendants as such contributories pay, on or before the 4th day of March, 1911, to the plaintiff the sum of four thousand seven hundred and fifty dollars ($4,750).

"VIII. That under and pursuant to the express provisions of said winding-up act, and the amendments thereto, every order of the court or judge for the payment of money or costs, charges, or expenses made under said act is deemed a judgment of the court and may be enforced against the person or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

goods and chattels, lands, and tenements of the person ordered to pay, in the manner in which judgments or decrees of any superior court obtained in any suit may be enforced."

The second cause of action is to recover the amount claimed to be due upon defendants' contractual liability as stockholders of the insolvent bank. After reiterating the first six paragraphs of the first cause of action, the complaint proceeds:

"II. Alleges that prior to the 5th day of November, 1906, the defendants, as copartners under the firm name and style of Charles D. Barney & Co., were the owners and holders of fifty (50) shares of the capital stock of said Ontario Bank, of the par value of five thousand dollars ($5,000).

"III. That under and pursuant to the provisions of the laws of the Dominion of Canada, the defendants, as shareholders of said bank, in the event of its property and assets being insufficient to pay its debts and liabilities, were and are liable for the deficiency to an amount equal to the par value of the shares held by them, in addition to any amount not paid up on such shares.

"IV. That, in the proceedings entitled 'In the Matter of the Ontario Bank and in the Matter of the Winding-Up Act,' and in pursuance of the provisions of said act, an order was duly made in said proceedings on or about the 1st day of November, 1910, establishing the deficiency of the property and assets of said bank as 95 per cent. of the capital stock thereof, and directing a call on the shareholders for that percentage to be made by the plaintiff.

"V. That the amount of such deficiency apportionable to the defendants pursuant to said last-mentioned order is four thousand seven hundred and fifty dollars ($4,750)."

The demurrer attacks the complaint, and each cause of action, for insufficiency, and also upon the ground that the court has no jurisdiction, and that plaintiff has no legal capacity to sue.

[1] The objection urged to the first cause of action is that it is not alleged that the plaintiff ever obtained, in the Canadian action, jurisdiction of the person of the defendants. We are of the opinion that this objection is not well taken. It is alleged that the High Court of Justice, in which the judgment was recovered, is a court of general jurisdiction, and that "due service of notice of application" for said judgment had been made on defendants. These allegations are sufficient to establish prima facie the regularity and validity of the foreign judgment, leaving it to defendant to plead such facts as may tend to show that jurisdiction of the person was never obtained in the Canadian court.

[2] As to the second cause of action, it must now be regarded as well settled that a foreign trustee, receiver, or liquidator may, in a proper case, sue in our courts a stockholder resident here for his proportionate liability as such stockholder. Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725; Shipman v. Treadwell, 200 N. Y. 472, 93 N. E. 1104. In both of these cases receivers of insolvent foreign corporations were permitted to sue stockholders resident in this state upon the liability of such stockholder imposed by statute of the foreign state, and assumed by the stockholder when he acquired his stock. The present is a precisely similar case.

[3] It is strenuously insisted by defendants that the complaint fails to show any such title in plaintiff as would warrant an award of judgment in its behalf. The allegation is that under its appointment as

liquidator "all the property, effects, and choses in action to which the said bank was or appeared to be entitled came into its custody or under its control." This allegation does not differ materially from that contained in Shipman v. Treadwell, supra, as to the right of the plaintiff in that case to maintain a judgment in this state. There the allegation was, as appears by the summary of the complaint in the opinion of the court, that the plaintiff was appointed receiver "to take and hold the assets of the corporation," which means no more than that the assets were placed in his "custody or under his control." The fact that the plaintiff in this case is called "liquidator," and in the case cited was called "receiver," of course, does not determine the right to maintain the action.

The real question is not as to the extent or character of plaintiff's title to the assets, but whether or not a payment to it would be so complete an acquittance of defendants' liability that it would stand as a bar to an attempted recovery by any one else. We think that the allegations of the complaint sufficiently show that prima facie it would be such a bar. If for any reason it would not, the facts can be pleaded by way of answer.

It follows that the order appealed from must be affirmed, with costs, with leave to defendants to withdraw the demurrer and answer within 20 days, upon payment of all costs. All concur.