Warren Ross Lumber Company, Respondent, *v.* Haniel Clark & Son, Inc., and Another, Appellants.

Fourth Department, January 14, 1925.

Attachment — vacating — creditors of defendant, foreign corporation, commenced action in equity in State of origin of defendant to conserve assets — said action was not brought to carry out provisions of statute under which corporation was organized — individual defendant was appointed receiver — personal property in this State not reduced to possession was attached in this action by plaintiff, resident of this State — receiver did not acquire title voluntarily — title of receiver will not be upheld against attachment by resident.

An attachment issued in an action by a resident against a foreign corporation and a foreign receiver and levied against personal property of the corporation in this State, not reduced to possession by the receiver, will not be vacated at the instance of the receiver who was appointed in the State of the origin of the corporation in an action brought by creditors to conserve the assets of the corporation, which action was not brought to carry out provisions of the statute under which the corporation was formed.

The title acquired by the receiver was not voluntarily acquired, but was acquired involuntarily through judicial proceedings and will not be sustained against the rights of resident creditors.

APPEAL by the defendants, Haniel Clark & Son, Inc., and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Chautauqua on the 7th day of July, 1924, which denies the motion of the defendant Security Savings and Trust Company for an order vacating a warrant of attachment.

*Moot, Sprague, Brownell & Marcy* [*S. Fay Carr* of counsel], for the appellants.

*Van Vlack & Bargar* [*Allen E. Bargar* of counsel], for the respondent.

HUBBS, P. J.:

The plaintiff is a resident of this State. The defendants are residents of Pennsylvania. The defendant Haniel Clark & Son, Inc., is a corporation organized under the laws of that State. It was indebted to the plaintiff upon its acceptance.

Prior to the commencement of this action certain creditors of Haniel Clark & Son, Inc., commenced an action in the State of Pennsylvania to conserve the property of said defendant. In said action the defendant Security Savings and Trust Company of Erie, Penn., was appointed receiver of said defendant corporation. The decree appointing the receiver provided that the said defendant corporation should " forthwith transfer " to said receiver all of its assets and property. That provision of the order was duly complied with by the defendant corporation. Before the said receiver had obtained possession of certain personal property owned by said corporation in this State, the plaintiff herein commenced an action in this State against said corporation and its receiver and attached the said personal property in this State. The receiver moved to vacate the attachment. The motion was denied and the receiver has appealed.

It is urged that the principles of comity require the courts of this State to give effect to the decree of the courts of Pennsylvania and prevent the plaintiff, a creditor of said defendant corporation residing in this State, from obtaining an advantage over other creditors by means of the attachment.

If the right of the receiver to the property in question is to be sustained as against the plaintiff, it must be under the rule of comity as the decree of the Pennsylvania court has no extra-territorial effect. If the title of a foreign assignee or receiver is by virtue of a valid, *voluntary* conveyance or transfer, it is good and enforcible against every one including domestic creditors. The reason therefor is clear. The same rule applies as in case of a valid sale of personal property. If the sale or transfer is

good and valid where made, it is good everywhere. If, however, the title of a foreign receiver rests upon a judgment or decree of a foreign court, such judgment or decree has no extraterritorial effect against a non-resident creditor who was not a party to the action. Our courts do, however, give effect to the judgments and decrees of foreign courts under the rule of comity against all except domestic creditors.

In this State it is settled that the title of a receiver by virtue of an involuntary transfer made in a foreign State of property in this State and where the receiver has not reduced the property to possession, will not be upheld as against a valid attachment obtained by a resident creditor. It was stated in *Martyne* v. *American Union Fire Ins. Co.* (216 N. Y. 183, 194): " The rule in this State seems to be so thoroughly established that the title of an assignee or receiver under involuntary or bankruptcy proceedings in a foreign State will not be upheld as against an attachment obtained and served by a resident of this State, that perhaps it should not be changed except by an act of the Legislature." In the case of *McNelus* v. *Stillman* (172 App. Div. 307, 313) Mr. Justice Laughlin wrote: " We are asked on grounds of comity to remit the creditor of the corporation to the jurisdiction of the courts of New Jersey, where he would be permitted to participate with the other creditors of the corporation in any of its assets; but the question of comity was not overlooked in the decisions above cited, and it has long been the established rule in this State that where the *involuntary* transfer has taken place here the right of creditors, whether domestic or foreign, to pursue legal remedies and acquire by attachment in foreign jurisdictions a lien on the property of the debtor superior to the title previously acquired by the *involuntary* transfer here is recognized. [*Warner* v. *Jaffray,* 96 N. Y. 248; *Barth* v. *Backus,* 140 id. 230.] These precedents are controlling, and this court is not at liberty to consider the question *de novo.*" (See, also, *Hammond* v. *National Life Assn.,* 58 App. Div. 453; *National Park Bank* v. *Clark,* 92 id. 262.)

In Fletcher's Cyclopedia of the Law of Private Corporations (Vol. 8, p. 9749) the rule is stated as follows: " Pursuant to the rule that courts will first protect domestic creditors, when a foreign corporation has property within a State, creditors in that State may reach and subject the same to the payment of their claims by execution, attachment or garnishment, notwithstanding the fact that a receiver of the property of the corporation has been appointed in the State of its domicile." In 12 Corpus Juris, 474, it is said: " A distinction is ordinarily recognized in the United

States between voluntary transfers of movables, and transfers by operation of law as in case of bankruptcy or insolvency proceedings, and involuntary assignments for the benefit of creditors, the generally accepted rule being that such transfers, since they are dependent on statutes for their validity and not on the assent of the transferor, will not be recognized beyond the territorial limits over which such statutes extend. The rule refusing recognition to the title of a foreign assignee in bankruptcy has been extended to that of a receiver appointed on a creditor's bill." (See High Receivers [4th ed.], 67; 1 Tardy's Smith Receivers [2d ed.], 97; Gluck & Becker Receivers of Corporations [2d ed.], 222.)

The defendant corporation did not *voluntarily* transfer the title of its assets to the receiver. An action was commenced against it by certain of its creditors in Pennsylvania and as a result, it was ordered and directed by the court to transfer its property to the receiver. Where an assignment by a corporation to a receiver is forced upon it in an action brought for that purpose, the assignment is *in invitum*. It is not voluntary because it is not the product of a " will acting without legal compulsion." (*Catlin* v. *Wilcox Silver-Plate Co.*, 123 Ind. 477; *Ward* v. *Conn. Pipe Mfg. Co.*, 71 Conn. 345, 356; *Willitts* v. *Waite*, 25 N. Y. 577.)

The rule is quite different where the statute of a foreign State provides how the assets of a corporation organized therein shall be conserved. Where insolvency proceedings are commenced against such a foreign corporation in the State of its domicile, a court of this State will give effect to the statute under which the corporation was organized as well as to the order appointing a receiver. In such a case the title to the corporate property vests in the receiver by virtue of the statute under which the corporation was organized. The corporation is a creature of the statute and carries with it into a foreign State in which it does business such provisions of the statute of its domicile and they are enforced under the principles of comity against its creditors in this State. " Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence." Thus where a foreign statute under which an insurance corporation was organized provided that in case of insolvency it was subject to dissolution and that title to its assets should vest in the State Insurance Commissioner, it was held that property of the corporation could not be attached by a resident creditor because the courts of this State under the principles of comity would recognize the title of the foreign assignee and enforce it wherever it could be done without injustice. (*Martyne* v. *American Union Fire Ins. Co.*, *supra.*) To the same effect are the following

cases cited and relied upon by appellant: *Matter of City E. F. Ins. Co., Ltd. (Carpinter & Baker)* (207 App. Div. 249); *Matter of. Bean* v. *Stoddard* (Id. 276); *Mitchell* v. *Banco de Londres y Mexico* (192 id. 720).

The distinction between such cases and the case at bar is clear. In this case the action to conserve assets was not commenced to carry out a provision of the statute under which the corporation was organized and it does not appear that such statute provided how the assets should be conserved in case of insolvency or in the event that it became financially embarrassed. So far as appears from the records, such action is an ordinary equity action to conserve the assets of defendant. The order should be affirmed, with ten dollars costs and disbursements.

CLARK, DAVIS, SEARS and CROUCH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.