Buck Ridge Coal Mining Company, Appellant, *v.* Rosoff Engineering Company and Another, Respondents, Impleaded with American Trust Company and Another, Defendants. (Appeal No. 1.)

First Department, February 5, 1926.

Receivers — action by foreign corporation for which Federal receiver had been appointed in foreign State — defendants moved for judgment on ground that cause was in foreign receiver — plaintiff on affidavit that cause had been assigned to receiver after action commenced moved for substitution or joinder of receiver — willingness of receiver to be substituted or joined shown — receiver may, under Civil Practice Act, §§ 83 and 210, be joined as party plaintiff — receiver may sue as assignee.

In this action commenced by a foreign corporation for which a receiver had been appointed by the Federal courts in a foreign State, the plaintiff's motion made after the commencement of the action to substitute the receiver for the plaintiff or to bring the receiver in as a coplaintiff, should have been granted, since it appears that on a motion made by the defendants for judgment on the ground that the cause of action, if any, was in the receiver, the plaintiff interposed an affidavit showing that the cause of action which had been commenced by the corporation had been assigned by it to the receiver and asked that the receiver be substituted or joined as party plaintiff.

The objection by the defendants to the substitution or bringing in of the receiver on the ground that it was not shown that he was willing to be made a party plaintiff is without merit, since it appears that the receiver made an affidavit in support of plaintiff's motion certifying to the fact of the assignment of the claim to him; this is sufficient evidence of willingness.

The receiver may, under sections 83 and 210 of the Civil Practice Act, be joined as a party plaintiff, for it appears that after the action was commenced the cause was assigned to him.

The receiver may sue in the courts of this State, not as the receiver of a foreign corporation, but as assignee of a cause of action in favor of the foreign corporation of which he is receiver.

Appeal by the plaintiff, Buck Ridge Coal Mining Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of June, 1925, granting a motion by the respondents for judgment on the pleadings, and also from the judgment entered in said clerk's office on the 18th day of June, 1925, pursuant to said order.

The order granted the respondents' motion, which was made in the alternative:

" 1. For judgment on the pleadings dismissing the complaint on the grounds that it appears on the face thereof that the plaintiff has not legal capacity to sue, in that any cause of action alleged in the complaint is vested in the receiver of its property; and also on

**442** Buck Ridge Coal Mining Co. *v.* Rosoff E. Co. No. 1.

First Department, February, 1926. [Vol. 215

the ground that the complaint does not state facts sufficient to constitute a cause of action; or

" 2. For judgment upon the annexed affidavit and the pleadings dismissing the complaint on the ground that the plaintiff has not legal capacity to sue, for the reason that any cause of action alleged in the complaint is vested in the receiver of the property of the plaintiff, and that by order of a court having competent jurisdiction the plaintiff is enjoined from bringing this action."

The order also denies the plaintiff's cross-motion either to substitute the receiver as sole party plaintiff, or to join the receiver as a coplaintiff in the action.

*Knox & Dooling* [*Joseph Gazzam* of counsel], for the appellant.

*Wilder, Ewen & Patterson* [*Ward V. Tolbert* of counsel; *John Ewen* with him on the brief], for the respondents.

Burr, J. The complaint alleges that the plaintiff is a Pennsylvania corporation; that prior to the bringing of this action one Charles H. Welles, Jr., " was appointed permanent receiver in equity for the plaintiff by the United States District Court for the Middle District of Pennsylvania, but that no receiver or ancillary receiver of the plaintiff has been appointed in the State of New York * * *. That this action is brought with the knowledge, consent and approval of said receiver, and is intended by the plaintiff to be in aid of said receivership."

For a cause of action against these defendants, respondents, Rosoff Engineering Company and Samuel R. Rosoff, the complaint alleges that the said defendants received certain moneys of the plaintiff without consideration moving to the plaintiff, which moneys they used to purchase for their own benefit certain real estate in Greene county, New York State, consisting of a cement plant which they caused to be transferred to a New York corporation known as Hudson Valley Portland Cement Corporation, in exchange for its corporate bonds secured by a mortgage on the real estate. The complaint asks that the said defendants account for such moneys, and that the same be declared a lien on such of the bonds as are in the possession of any of the defendants.

The defendants having moved for judgment on the ground that the cause of action, if any, was in the receiver, plaintiff interposed an affidavit showing that since the action had been commenced, the corporation had assigned all of its interest in the cause of action to the receiver, and asked that he be substituted or joined as a party plaintiff.

This application of plaintiff was opposed by the defendants on the ground that the court had not power to grant it, and also on

the ground that if the court had discretion to permit the action to be continued in the name of the receiver, such discretion should not be exercised without proof of merits.

In support of this latter objection, an affidavit of the defendant Rosoff, president of the Rosoff Engineering Company, was introduced, purporting to show that all moneys used for the purchase of the cement plant referred to in the complaint were received from William J. Fallon, the president and sole stockholder of the plaintiff, to whom the said cement plant was conveyed, and that he, said Fallon, received the bonds referred to in the complaint, which in turn, to the extent of over $300,000 par value, said Fallon delivered to the plaintiff. It is also alleged in said affidavit that claims against the plaintiff have been filed by the said president, William J. Fallon (through his brother, Thomas J. Fallon, as assignee) with the receiver of plaintiff, amounting to $260,000 and over for moneys claimed to have been advanced by him to the plaintiff.

The defendants also objected to a substitution or bringing in of the receiver, on the additional ground that it did not appear that he was willing to be made a party plaintiff. The affidavit made by the receiver in support of plaintiff's motion, certifying to the fact of the assignment of the claim to him, is sufficient evidence of his willingness to be made a party plaintiff.

The plaintiff's motion to bring in the receiver was denied, and the defendants' motion to dismiss the complaint was granted by the learned justice at Special Term in an opinion in which he said, among other things: " Since the cause of action alleged in the complaint was not in the plaintiff when suit was brought, the court has no power to cure the defect by substituting the receiver, nor could he be properly brought in as a joint party plaintiff for the reason that if the plaintiff ever had a cause of action it has assigned it."

The receiver was appointed in equity in an action in which the New York State National Bank of Albany was plaintiff and the Buck Ridge Coal Mining Company defendant. The order appointing the receiver is dated January 9, 1924, and on January 21, 1924, the United States District Court for the Middle District of Pennsylvania made an order as follows: " And now, January 21, 1924, the appointment of Charles H. Welles, Jr., as receiver of the above corporation is made permanent, with all the powers and duties set forth in the original order."

The original order appoints Charles H. Welles, Jr., temporary receiver of the Buck Ridge Coal Mining Company and " of all the property of the said defendant, * * * of whatever kind and description and wherever situated." Said order further provided: " And the said receiver is hereby fully authorized and empowered to

institute and prosecute all such suits as may be necessary in his judgment for the proper protection of the property and trust hereby reposed in him." Said order further provided: " The defendant, Buck Ridge Coal Mining Company, and its officers, directors, agents and employees and all other persons claiming to act by, through or under the defendant and all other persons whomsoever, are hereby enjoined from interfering in any way whatever with the possession or management of any part of the property over which the receiver is hereby appointed, or interfering in any way to prevent the discharge of his duties, or his operating the same."

From the averments in the complaint and the affidavit submitted on this motion by the receiver it is clear that the present action is brought with the consent of the receiver and in aid of the receivership.

Section 83 of the Civil Practice Act provides: " § 83. Proceedings upon transfer of interest, or devolution of liability. In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires." This was formerly section 756 of the Code of Civil Procedure.

In *Hirshfeld* v. *Fitzgerald* (157 N. Y. 166, 177, 178) the court said of section 756 of the Code of Civil Procedure: " Under this provision of the Code, it has been repeatedly held that the action may be maintained in the name of the original plaintiff, notwithstanding that he has, subsequent to the bringing of the action, assigned his claim to another party. It has also been held that the bringing in of the party to whom the cause of action has been assigned is discretionary with the court, but, in continuing the action in the name of the original assignor, he is deemed to act for and on behalf of his assignee, and to represent his interest in the litigation."

Under this section the receiver as assignee may be joined with the original party to the action.

The plaintiff corporation has not been dissolved. The complaint alleges it is a corporation. This foreign corporation for which a receiver in equity has been appointed in its own State, Pennsylvania, by a Federal court, commenced an action in this State. After this action was commenced the cause of action was assigned by the corporation to the receiver. The receiver, prior to such assignment had no authority, at least as matter of right, to maintain an action in this State. Upon the principle of comity a foreign receiver may be allowed such right in certain cases. (*Howarth* v. *Angle,* 162 N. Y. 179; *Sigua Iron Co.* v. *Brown,* 58 App.

Div. 436; affd., 171 N. Y. 488; *Stone* v. *Penn Yan, K. P. & B. Railway*, 197 id. 279.)   In *Hope Mutual Life Ins. Co.* v. *Taylor* (2 Rob. 278) it was held that a foreign receiver cannot sue in his own name in our courts, citing as authority *Booth* v. *Clark* (17 How. [U. S.] 322.)

In 23 Ruling Case Law (§ 150, p. 141) it is stated: " It is well settled that a receiver, in the absence of a statutory provision vesting him with rights as quasi assignee or representative of creditors, has no power as of right to sue in the courts of a jurisdiction foreign to that of his appointment because he is considered merely as an officer of the court which appoints him.   Where, however, the rights of such an officer do not rest merely upon his appointment by the court of another State, but there has been an assignment to him, in his official capacity, of the property in question, or, by virtue of the statute of such State the title to the property is vested in him, he may, it seems, sue and recover the same, not strictly by virtue of his appointment, but by reason of his title, he being considered, for that purpose, substantially an assignee.   The distinction apparent in all cases is as to whether the receiver has title, or whether he is simply appointed an agent or officer of the court under its general equity powers."

By virtue of the assignment from plaintiff the cause of action now vests in the receiver, not as receiver, but as assignee.   And it appearing that the cause of action has been so transferred since the commencement of the action, the court may join the assignee as coplaintiff.   (Civ. Prac. Act, §§ 83, 210.)

The court having authority under section 83 of the Civil Practice Act to continue this action by joining the assignee as party plaintiff with the original party, and the affidavits of the defendants questioning the good faith of the plaintiff corporation in bringing the action being insufficient to warrant the court in dismissing the complaint on the ground of lack of good faith, the judgment and order appealed from should be reversed, with costs, and the motion of defendants for judgment should be denied, with ten dollars costs, and the motion of plaintiff for leave to bring in and join Charles H. Welles, Jr., as a party plaintiff should be granted, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, the motion of defendants for judgment denied, with ten dollars costs, and motion of plaintiff for leave to bring in and join Charles H. Welles, Jr., as a party plaintiff granted, with ten dollars costs.