UNION GUARDIAN TRUST COMPANY and NATHAN M. GROSS, as Receivers of GENERAL NECESSITIES CORPORATION, Plaintiffs, *v.* THE BROADWAY NATIONAL BANK AND TRUST COMPANY and DAVID A. BROWN, Defendants.

Supreme Court, New York County, September 29, 1930.

*Parker & Garrison* [*Robert M. Benjamin, Robert L. Finley* and *Sanford Schwarz* of counsel], for the plaintiffs.

*Jenks & Rogers* [*Gustavus A. Rogers* and *Nathaniel H. Kugelmass* of counsel], for the defendant David A. Brown.

UNTERMYER, J.   The defendant Brown has moved to dismiss the complaint on the ground that it fails to state facts constituting a cause of action and also that it appears on the face of the complaint that the plaintiffs have not legal capacity to sue.

The action is brought by the plaintiffs, as receivers of General Necessities Corporation, a corporation of the State of Michigan. The complaint alleges that on April 28, 1930, the plaintiffs were appointed receivers of General Necessities Corporation in an action brought in a Court of Chancery of that State.   It is alleged that General Necessities Corporation filed an answer in that action by which, in effect, it consented to the appointment of receivers by the Michigan court, and that the defendant Brown, who was its president, a director and its largest stockholder, approved of this in advance.   By the order of the Michigan court the plaintiffs were appointed receivers of all the assets, properties and estates of said General Necessities Corporation, to take, receive and hold the same, to operate the business of the corporation and to preserve the assets of the corporation until the further order of said court. By that order it was further provided that the plaintiffs were authorized to sue for and collect all the debts, demands and rents

belonging to said General Necessities Corporation; that all officers, directors and agents of the corporation were directed forthwith to deliver to the receivers all of the assets thereof, and that when distribution was made to creditors of the corporation, such distribution should be in proportion to their debts respectively, to be paid in the same order as in the case of a voluntary dissolution of a corporation in accordance with the statutes of the State of Michigan.

The complaint alleges that previous to the receivership, General Necessities Corporation had the sum of $56,378.36 on deposit with the defendant bank in New York and that on or about March 17, 1930, these funds were withdrawn by two checks payable to the order of the defendant Brown, which were deposited in his individual account. It is further alleged that the sum so withdrawn remained the property of General Necessities Corporation and that the defendant Brown had and has no interest therein. It is alleged that the defendant Brown made certain payments, the amount of which plaintiffs do not know, but which, as they are informed and believe, does not exceed $15,786.13. The complaint alleged that pursuant to the order of the Michigan court the plaintiffs are entitled to the immediate possession of said funds of General Necessities Corporation so withdrawn and of any other sums which the defendant Brown may hold for the account of General Necessities Corporation; that the defendant Brown has no authority to give instructions to the defendant bank with respect to said funds either as president of General Necessities Corporation or otherwise, but that he is under a duty, pursuant to said order of the Michigan court, to deliver forthwith to the plaintiffs, as receivers, these and any other funds which he may hold for the account of General Necessities Corporation. The plaintiffs pray for injunctive and other relief; for an accounting from the defendant Brown of so much as may be found to be due and that this sum be paid to the plaintiffs as receivers.

The basic question concerns the right of the plaintiffs, receivers appointed by the court of a foreign State, to maintain the suit. The plaintiffs are ordinary Chancery receivers appointed to conserve the assets of the corporation. For that purpose, by the decree appointing them, they are intrusted with the custody of all the property of the corporation. (*Porter* v. *Sabin*, 149 U. S. 473.) They are, however, not vested with title to these assets and it is argued that for that reason they cannot sue in the courts of a foreign jurisdiction to recover property situated there. Where transfer of personal property is voluntarily made by the owner it is, ordinarily, effective to endow the transferee with all the attributes of ownership, including the right to prosecute suit, no matter

where the property may be. The consequences are not the same where the transfer is by judicial process and concerns property not within the jurisdiction of the court. (*Crapo* v. *Kelly*, 83 U. S. 610; *Catlin* v. *Wilcox Silver Plate Co.*, 123 Ind. 477; *Ward* v. *Conn. Pipe Mfg. Co.*, 71 Conn. 345.) "The law operates, if at all, *in rem*, and the state by whose legislation it is enacted having no jurisdiction over property without its territorial limits, it is entirely inoperative in respect to it." (*Willitts* v. *Waite*, 25 N. Y. 577.) Accordingly, the rule is well established that a Chancery receiver who functions merely as an officer or agent of the court for the purpose of conserving the assets of the corporation is not entitled to recognition in other jurisdictions as a matter of strict legal right. (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196; *Ross Lumber Co.* v. *Clark & Son, Inc.*, 211 App. Div. 591; *McNelus* v. *Stillman*, 172 id. 307.) The courts of other States are not required by the Constitution of the United States (Art. 4, § 1) to recognize his powers. (*Finney* v. *Guy*, 189 U. S. 335, 346.) A different rule applies where the receiver is created statutory successor to the assets of the corporation by the law of its domicile. (*Mariyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183; *Howarth* v. *Angle*, 162 id. 179.) In such cases he succeeds to title to the corporate assets by the law of the sovereignty which has power to declare who the successor in title shall be. (*Sinnott* v. *Hanan*, 214 N. Y. 454.) Speaking of such a statutory receiver or liquidator the court, in *Relfe* v. *Rundle* (103 U. S. 222), said: "He was the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. * * * a receiver appointed by a State court has no extra-territorial power; but a corporation is the creature of legislation, and may be endowed with such powers as its creator sees fit to give. Necessarily it must act through agents, and the state which creates it may say who those agents shall be." Tested by these principles the plaintiffs are not entitled to maintain this suit as a matter of right. They are vested with the right of custody, not with title. The title remains in the corporation; the Michigan court has taken only possession and control. The plaintiffs do not represent the corporation; they represent the foreign court. Whatever privilege may

be accorded them must depend on the comity of the jurisdiction in which they bring the suit.

The Federal courts are now thoroughly committed to the doctrine that an ordinary Chancery receiver cannot, even on principles of comity, maintain an action outside the State of his appointment. (*Booth* v. *Clark*, 17 How. 322; *Great Western Mining & Mfg. Co.* v. *Harris*, 198 U. S. 561; *Lion Bonding & Surety Co.* v. *Karatz*, 262 id. 77.) This doctrine rests upon the theory, previously adverted to, that by the sovereign power of the court appointing him he is intrusted merely with custody of the property as its officer or delegate, and this power of administration has no extra-territorial operation. (*Great Western Mining & Mfg. Co.* v. *Harris*, *supra; Baltimore Building & Loan Assn.* v. *Alderson*, 90 Fed. 142; 1 Clark Receivers, 806.) The Federal doctrine is qualified, however, so as to sustain the power of the receiver to maintain such a suit even under the " full faith and credit " clause of the Constitution of the United States (*Converse* v. *Hamilton*, 224 U. S. 243) where the right of the receiver does not rest exclusively on his appointment, but there has been an assignment to him, in his official capacity, of the property in question (*Hawkins* v. *Glenn*, 131 U. S. 319), or where, by statute, he is vested with title to the property as statutory successor (*Relfe* v. *Rundle*, *supra*), or, again, where he sues as a " quasi-assignee " to enforce a statutory liability for corporate debts. (*Converse* v. *Hamilton*, *supra*.) (See, also, 23 R. C. L. § 150, p. 141.) Even under the strict view which prevails in the Federal courts the plaintiffs here might, perhaps, be entitled to maintain this suit. The decree appointing the receivers, entered on the answer of the corporation, is alleged to have been agreed upon in advance and was made upon consent of its duly authorized officers. (*Central Life Securities Co.* v. *Smith*, 236 Fed. 170.) Such a decree will in some circumstances be treated as a voluntary assignment of all the property of the corporation to the receivers. ( *United States* v. *Butterworth-Judson Corp.*, 269 U. S. 504.) Whether or not this constituted here a voluntary transfer through the medium of receivership proceedings so as to be effective wherever the property of the corporation was situated (*Ward* v. *Conn. Pipe Mfg. Co.*, *supra*) or whether it constituted a transfer *in invitum* and was, therefore, without extra-territorial effect (*Catlin* v. *Wilcox Silver Plate Co.*, *supra*), it is not necessary to decide. It is not necessary to decide this because, notwithstanding expressions to the contrary, the tendency of recent decisions in this State has been distinctly in the direction of allowing suits by foreign Chancery receivers to be maintained on principles of comity, though not maintainable as a matter of right.

It is true that in *Hope Mutual Ins. Co.* v. *Taylor* (25 N. Y. Super.

Ct. [2 Robt.] 278), the court, following the Federal rule in the leading case of *Booth* v. *Clark* (*supra*), held that a foreign receiver could not institute suit here, saying: " The receiver was appointed by the Connecticut court in the exercise of its equity powers and not under any statute of the state. A foreign equity receiver cannot sue in his own name in our courts." It is true also that that case was cited, although without comment or express approval, in the recent case of *Buck Ridge Coal Mining Co.* v. *Rosoff E. Co., No. 1* (215 App. Div. 441). But there the statement made that a foreign receiver could not sue as a matter of right was coupled with the statement that he would, in certain cases, be allowed to sue by comity, and authorities are cited to that effect. I consider, however, that *Hope Mutual Life Ins. Co.* v. *Taylor* (*supra*) was overruled by *Mabon* v. *Ongley Electric Co.* (156 N. Y. 196), where the court declined to appoint an ancillary receiver at the instance of a foreign Chancery receiver. The reason given was that the foreign receiver had power to prosecute the suit in this State upon principles of comity and that the appointment of an ancillary receiver was, therefore, unnecessary. The court said: " So far as appears, he has all the power that his auxiliary would have, if appointed. While the laws of a foreign state have no force, as such in this state, still our courts uphold the title of a foreign assignee or receiver upon the principle of comity. If the title is by virtue of a voluntary conveyance or transfer, it is sustained as against all, including even domestic creditors, but if it depends on a foreign statute or judgment, it is sustained against all except domestic creditors. * * * Every remedy to gather in the assets is afforded, unless it would interfere with the policy of the state to impair the rights of its own citizens. * * * If the plaintiff should succeed, he would have called into being a receiver whose rights would supplant his own in this state with no compensating advantage, but with the disadvantage of reducing the fund going to creditors and stockholders owing to the extra expense of an additional receiver. Why should one receiver ask to have another receiver appointed for the same property with the same right of possession, the same right to sue and the like? " (See, also, *Runk* v. *St. John*, 29 Barb. 585; *Dyer* v. *Power*, 39 N. Y. St. Repr. 136; *Pugh* v. *Hurtt*, 52 How. Pr. 22; *Howarth* v. *Angle*, 162 N. Y. 179, 186; *Matter of Waite*, 99 id. 433, 446; *Barclay* v. *Quicksilver Mining Co.*, 6 Lans. 25; *LeFevre* v. *Matthews*, 39 App. Div. 232, 234; *Buck Ridge Coal Mining Co.* v. *Rosoff E. Co., No. 1*, 215 id. 441, 444; *Sigua Iron Co.* v. *Brown*, 58 id. 436; affd., 171 N. Y. 488; *Royal Trust Co.* v. *Harding*, 155 App. Div. 104.) The receiver's title to the corporate property and the capacity in which he acts become important only when the rights of domestic creditors are concerned. The

rights of a foreign Chancery receiver will not prevail over those of local creditors pursuing their remedies in our courts. Principles of comity are not applied in favor of such a receiver to the detriment of our own citizens. (*Ross Lumber Co.* v. *Clark & Son, Inc., supra; Kelly* v. *Crapo, supra; Willitts* v. *Waite, supra; McNelus* v. *Stillman, supra.*) The particular right asserted by the plaintiffs' here does not contravene the settled policy of this State nor does it appear that it will prejudice domestic creditors. There is, therefore, no reason for refusing to apply the liberal policy of this State in recognition of the receiver's right to the possession and control of property embraced by the Michigan decree, although situated within this jurisdiction. (4 Pom. Eq. Juris. [4th ed.] § 1669; High Receivers [4th ed.], § 240; Bolles Law Concerning Foreign Receivers, 18 Yale Law Jour. 488.)

It is said, however, that a Chancery receiver appointed by the courts of this State could not sue within the State of Michigan (*Graydon* v. *Church,* 7 Mich. 36) and that a Michigan receiver should be denied the corresponding right here. I am not inclined to accept so narrow a conception of the obligations which principles of comity impose. They are not enforced for purposes of reciprocity only nor should their enforcement be denied for purposes of retaliation. If that were done a Chancery receiver appointed in some States would be permitted to bring suit here but a Chancery receiver appointed in other States would not. (See *Gould* v. *Gould,* 201 App. Div. 127, 131, citing *Hilton* v. *Guyot,* 159 U. S. 113, 228.) A rule should be avoided which would produce such incongruous results.

I recognize that the question presented here has been differently decided in different jurisdictions. In many jurisdictions the rule established in the Federal courts prevails and a foreign Chancery receiver may not sue. (*Homer* v. *Barr Pumping Engine Co.,* 180 Mass. 163; *Farmers & Merchants Ins. Co.* v. *Needles,* 52 Mo. 17; *Moreau* v. *DuBellet,* [Tex. Civ. App.] 27 S. W. 503; *Wyman* v. *Eaton,* 107 Iowa, 214; *Murtey* v. *Allen,* 71 Vt. 377; *Graydon* v. *Church,* 7 Mich. 36.) Others have sanctioned such a suit unless inimical to the interests of local creditors or to those who have acquired rights under a local statute, or where it contravenes some public policy of the forum. (*Boulware* v. *Davis,* 90 Ala. 207; *Castleman* v. *Templeman,* 87 Md. 546; *Sercomb* v. *Catlin,* 128 Ill. 556; *Hurd* v. *City of Elizabeth,* 41 N. J. Law, 1; *Metzner* v. *Bauer,* 98 Ind. 425; *Stevens* v. *Tilden,* 122 Minn. 250; *Hunt* v. *Columbian Ins. Co.,* 55 Me. 290; *Bank* v. *McLeod,* 38 Ohio St. 174; *Hardee* v. *Wilson,* 129 Tenn. 511; *Parker* v. *Stoughton Mill Co.,* 91 Wis. 174.) Such also is the law in England to-day. (*Macaulay* v. *Guaranty*

*Trust Company of New York*, [1927] W. N. 308; *Alivon* v. *Furnival*, 1 Cr., M. & R. 277.) In this contrariety of opinion I have followed the rule which seems best sanctioned by authority in this State and most in accord with the exigencies of increasing commercial intercourse between corporations and citizens of different States.

The appointment of the receivers constituted an ouster of the corporate management (*Gaboury* v. *Central Vermont Ry. Co.*, 250 N. Y. 233) requiring the defendant Brown, on demand, to deliver to the receivers any corporate property in his possession. (See *Planten* v. *National Nassau Bank of New York*, 93 Misc. 344; *Graselli Chemical Co.* v. *Ætna Explosives Co.*, 252 Fed. 456; *Abm. S. See & Depew, Inc.*, v. *Fisheries Products Co.*, 9 F. [2d] 235; Thompson Corp. § 6320.) He is in the position of an agent holding property belonging to his principal for which the principal, General Necessities Corporation, might compel him to account in equity. (*Marvin* v. *Brooks*, 94 N. Y. 71; *Bosworth* v. *Allen*, 168 id. 157.) The plaintiffs, as receivers of the corporation, may pursue the same remedy. The jurisdiction of equity may also be sustained on the ground that the defendant Brown, holding the property in opposition to the parties now lawfully entitled to possession, is in the position of a trustee. (*Fur & Wool Trading Co., Ltd.*, v. *Fox, Inc.*, 245 N. Y. 215; *Lightfoot* v. *Davis*, 198 id. 261.) In any event, since the plaintiffs are entitled to possession of this fund, the complaint states a cause of action entitling the plaintiffs to some relief, whether legal or equitable, and it will not, therefore, be dismissed even if the plaintiffs are not entitled to all the relief for which they have asked. (*Hotel Register Co.* v. *Osborne*, 84 App. Div. 307.) The motion to dismiss the complaint must, therefore, be denied. Order signed.