FRANCISCO ANGLERÓ, Plaintiff and Appellant, v. MUNICIPALITY OF FAJARDO, Defendant and Appellee.

No. 6661. Argued November 6, 1935.—Decided May 26, 1936.

*Victoriano M. Fernández* for appellant. *Bolívar Pagán* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Angleró, an independent contractor, brought an action for damages against the municipality of Fajardo.

The auditor and treasurer of the municipality after final acceptance of the work, retained for a time two checks, which they should have delivered to the contractor. Plaintiff's first cause of action was based on this wrongful act. The district judge held, however, that the damages claimed by plaintiff were not recoverable.

■ Plaintiff had borrowed money in order to perform the work. The damages which he now seeks to recover from the municipality arose in one way or another out of his failure to meet his own obligation. It may be that his failure to meet his obligation was due in turn to the wrongful act of the municipality. Plaintiff's contract to repay the money borrowed by him was, however, a collateral contract. The municipality was not a party to it. There is nothing to show that the municipality was aware of the contractor's limited resources or of his lack of funds sufficient to carry on the work. The special damages arising out of the peculiar circumstances of the contractor's financial condition were not within the contemplation of the parties to the contract with the municipality. We think the district court was right in holding that the contractor could not recover such damages. *Louden* v. *Taxing District,* 104 U. S. 772; *Ryan* v. *City of New York,* 143 N. Y. Supp. 974, 155 App. Div. 105; *Wilson* v. *Nelson,* 153 Pac. 1179; *Tillman* v. *City of Seaside,* 25 Pac. (2d) 917; *Scheer* v. *Nelson,* 205 N. W. 250; *Arnott* v. *City of Spokane,* 33 p. 1063; *Green Briar Drainage District* v. *Clark,* 292 Fed. 828; *Board of Directors* v. *Roach,* 174 Fed. 949; *Beck* v. *Wilbois,* 190 N. W. 376; *Kennedy* v. *Hudson,* 138 So. 282; 44 Corpus Juris, section 2594.

■ At the time of the contract with the municipality, the contractor signed an additional document whereby he agreed to perform certain additional work, which might become or probably would become necessary, at the unitary prices provided for in the contract. Later the contractor performed a considerable portion of this additional work but a part of it was done by the municipality itself or by others

under its supervision. Plaintiff, in his second cause of action, sought to recover as damages the profits which he would have derived from the additional work done by the municipality or under its supervision if he had been permitted or required to do it. The district court reached the conclusion that the municipality had not bound itself in any way to have the whole or any part of such additional work done by the independent contractor, plaintiff herein. In this we find no error.

What we have said disposes of the main questions raised by appellant. Others do not demand serious discussions. The errors, if committed, would not require a reversal.

The judgment appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.