Hugh S. Coyle, J.
This is an application by plaintiff for an order restraining defendants, their agents, servants, employees and attorneys, during the pendency of this action from taking any proceedings relative to any moneys due Curly Construction Co., Inc., from A. E. Ottaviano, Inc., and that they be enjoined from paying out or receiving any of the proceeds thereof.
Plaintiff is a statutory receiver of Curly Construction Co., Inc., having been appointed as such in the State of New Jersey, and in his capacity as receiver has commenced an action in this court to recover a judgment against defendant A. E. Ottaviano, Inc., and, in addition, to vacate and set aside an order of this court permitting or directing A. E. Ottaviano, Inc., to pay over to the individual defendant judgment creditors any sums of money due Curly Construction Co., Inc., and other incidental relief.
Curly Construction Co., Inc., as the subcontractor for A. E. Ottaviano, Inc., and in the construction of the New York State Thruway, New England Section, conducted extensive blasting on the property adjoining the individual defendants’ property herein and caused serious injury and destruction to the property of the individual defendants. Actions were insti *617 tuted by the individual defendants against Curly Construction Co., and after trial resulted in judgments in favor of the individual defendants against Curly Construction Co., Inc., totaling the sum of $17,211.34, which judgments have been duly docketed.
In brief, plaintiff now seeks, by the instant motion, to enjoin A. E. Ottaviano from turning over any funds to the individual defendants herein (judgment creditors) who have heretofore, and prior to the appointment of the statutory receiver in a foreign jurisdiction, obtained their judgments.
Subsequent to the individual defendants docketing their respective judgments, they made a motion addressed to this court which was granted, directing A. E. Ottaviano, Inc., to pay them out of such moneys received by Ottaviano, and belonging to Curly, to satisfy their judgments. (N. Y. L. J., July 17,1961, p. 9, col. 1.)
The only question raised by the plaintiff’s motion in this proceeding is whether or not the receiver appointed in New Jersey, for a corporation organized in New Jersey, shall be afforded the right in this State to the payment of the fund in question, in preference to the claims of the individual defendants.
A review of the authorities on this question appears to establish that a receiver appointed in a sister State is limited to the territorial jurisdiction of the court out of which he is appointed. The rights of foreign receivers are recognized in New York State by comity in some circumstances and given full faith and credit. (Gerdes v. Reynolds, 28 N. Y. S. 2d 622; Union Guardian Trust Co. v. Broadway Nat. Bank & Trust Co., 138 Misc. 16.) However, the courts will not permit a foreign receiver to exercise his powers in our jurisdiction to the disadvantage of creditors residing within this State. (Union Guardian Trust Co. v. Broadway Nat. Bank & Trust Co., supra.) To permit the receiver to attach the funds due Curly by Ottaviano would, in effect, defeat the rights to the fund in an amount sufficient to satisfy the individual defendants’ judgments. Under such' circumstances, this court will not direct payment by Ottaviano of any funds due Curly which will deprive the defendants as judgment creditors from recovery of their respective judgments. (West Va. Pulp & Paper Co. v. Peoples Home Journal, 233 App. Div. 376; Oliner v. American-Oriental Banking Corp., 252 App. Div. 212, affd. 277 N. Y. 588.)
Plaintiff’s motion is in all respects denied.